UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLOS E. SHREWSBURY, AND ) <br> SANDRA L. SHREWSBURY, ) <br>     *Plaintiffs*, ) <br> ) <br> *vs.* ) <br> ) <br> THE SCOTTS COMPANY, LLC, ) <br>     *Defendant.* ) <br> ) | 1:13-cv-00228-JMS-MJD |

## **ORDER**

On February 8, 2013, Plaintiffs filed a Complaint in which they assert state-law claims against Defendant. [Dkt. 1.] In its order on February 13, 2013, the Court alerted Plaintiff to jurisdictional defects present in its original Complaint:

> Specifically, Plaintiffs are reminded that: (1) an allegation of residency is inadequate to establish diversity jurisdiction, *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); (2) residency and citizenship are not the same, and it is the latter that matters for purposes of diversity, *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); (3) a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006); (4) a limited liability company's citizenship includes every state of which any unit holder is a citizen, *Copeland v. Penske Logistics LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012); (5) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); and (6) the amount in controversy must exceed "$75,000 *exclusive of interest and costs*," 28 U.S.C. § 1332 (emphasis added).

[Dkt. 6 at 1-2.] In their recently filed Amended Complaint, [dkt. 7], Plaintiffs persist in pleading residency rather than citizenship and have only generically stated that "[n]one of Scotts' unit holders are [sic] citizens of Indiana," rather than affirmatively stating the citizenship of each member, [*id*. at 1], in apparent disregard of this Court's specific instructions.

As the Court has already explained to Plaintiffs, residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's East*

1

*Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).   Stating that "Carlos is a resident of Greencastle, Indiana" and "Sandra is a resident of Greencastle, Indiana" tells the Court nothing about the Plaintiffs' citizenship.

Furthermore, because a limited liability company shares "the citizenship of each of its members," *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) (citation omitted), the citizenship of each member of The Scotts Company, LLC, must be established on the record before the Court can be satisfied that complete diversity exists.  Because they obscure potential jurisdictional problems, the Seventh Circuit disfavors jurisdictional statements that do not affirmatively provide the basis for determining citizenship.  *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).  So does this Court.  Therefore, as explained in the Court's previous earlier order, [dkt. 6 at 1], the statement that "[n]one of Scotts' unit holders are [sic] citizens of Indiana," is inadequate to invoke this court's jurisdiction.  Plaintiffs need to identify the members individually and provide each state of citizenship.  *See Peters v. Astazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all its partners so that [the court] could determine its citizenship."). *See also America's Best Inns, Inc. v. Best Inns of Abilene*, L.P., 980 F.2d 1072, 107 (7th Cir. 1992) ("[L]itigants instructed to specify the partners and their citizenship may not respond with a vacuous statement such as 'no partner is a citizen of Illinois.'  How can anyone tell?  Once the court sounds the alarm, the litigants must be precise.").

Again, the Court is not being hyper-technical:  Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v.*

*Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Here, because Plaintiffs' Amended Complaint fails to demonstrate that this Court can exercise diversity jurisdiction over this matter, Plaintiffs face dismissal if they cannot cure their jurisdictional defects. *America's Best Inns, Inc.*, 980 F.2d at 1074 (noting that when parties fail to properly plead their jurisdictional allegations, "the only proper step is to dismiss the litigation for want of jurisdiction.").

For these reasons, the Court **ORDERS** Plaintiffs to file a Second Amended Complaint on or before **March 12, 2013**, which addresses the jurisdictional concerns noted above. Defendants need not respond to the Amended Complaint, [dkt. 7], but rather shall timely respond to the Second Amended Complaint once it is filed. If satisfactory allegations are not pled, the case will be dismissed for lack of jurisdiction.

02/26/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

**Distribution via ECF only:**

Fred L. Cline
FRED L. CLINE, ATTORNEY AT LAW
fred@fredclinelaw.com

Eric Michael Oliver
KENDALL WOOD LOWRY KESSINGER & OLIVER
eoliver@kwlklaw.com